**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

J. HENDERSON,

    Plaintiff,

v.                                                                          Case No. 07-CV-11363-DT

K. BAKKER,

    Defendant.
                                             /

**OPINION AND ORDER DENYING "PLAINTIFF'S MOTION FOR
RECONSIDERATION" AS MOOT**

Plaintiff J. Henderson initiated the above-captioned matter on March 29, 2007, asserting claims against Defendant K. Bakker, the prosecutor in a case against Plaintiff currently pending in state court, "for libel & slander and . . . illegal & unconstitutional use of offices, & denial of appropriate assistance to the Plaintiff" under 28 U.S.C. § 1983. (Compl. at 1.) On April 5, 2007, the court ordered Plaintiff to "show cause in writing, on or before Wednesday, April 25, 2007, why this case should not be dismissed for lack of subject matter jurisdiction." (4/5/07 Order at 2 (emphasis omitted).) Plaintiff filed his response on April 27, 2007. Although the court's clerk's office received Plaintiff's response on April 27, 2007, the response was not docketed until April 30, 2007. The court was therefore unaware of Plaintiff's response and issued an April 30, 2007 order dismissing Plaintiff's case for failure to respond.

After the court received Plaintiff's response, the court entered a May 2, 2007 amended order of dismissal, which replaced the court's April 30, 2007 order. The May 2, 2007 order addressed Plaintiff's response and found that it failed to adequately

address the court's concerns.  Pending before the court is Plaintiff's May 10, 2007 motion for reconsideration of the court's April 30, 2007 order of dismissal.  For the reasons set forth below, Plaintiff's motion will be denied.

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is a 'defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration that presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

The substance of Plaintiff's motion for reconsideration is limited to his assertion that the court should consider his response to the court's April 5, 2007 order to show cause.  (Pl.'s Mot. at 1.)  Because the court's May 2, 2007 order of dismissal has already addressed and rejected the merits of Plaintiff's response, the court will deny Plaintiff's motion as moot.  Accordingly,

IT IS ORDERED that "Plaintiff's Motion for Reconsideration" [Dkt. # 8] is DENIED as moot.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 29, 2007, by electronic and/or ordinary mail.


                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522