**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

J. HENDERSON,

        Petitioner,

v.                                                        Case Number: 07-CV-11363

K. BAKKER,

        Respondent.
                                          /

**OPINION AND ORDER DENYING PLAINTIFF'S *"EX PARTE* MOTION
FOR INDIGENT RELIEF AND SUPPORT BY COURT"**

Plaintiff J. Henderson filed a complaint under 28 U.S.C. §1983 against Defendant K. Bakker, the prosecutor in a case pending against Plaintiff in state court. Plaintiff brought claims for "libel & slander and . . . illegal & unconstitutional use of offices, & denial of appropriate assistance to the Plaintiff." (Compl. at 1.) The court ordered Plaintiff to "show cause in writing . . . why this case should not be dismissed for lack of subject matter jurisdiction." (4/5/07 Order at 2.) On May 2, 2007, the court dismissed the case because Plaintiff failed to establish the court's subject matter jurisdiction. (5/2/07 Order.) Now before the court is Plaintiff's "*Ex Parte* Motion for Indigent Relief and Support by Court."

Plaintiff's motion was filed well after the court dismissed his case for lack of subject matter jurisdiction. The court's judgment dismissing the case has not been reconsidered, reversed or otherwise shown to be invalid. Plaintiff does not allege any change in circumstance which would establish subject matter jurisdiction. In addition, Plaintiff's motion appears to challenge the imposition of child support obligations and

asks this court to relieve him of those obligations. Plaintiff's claims, therefore, are wholly unrelated to those presented in his original complaint and, therefore, not properly filed in this matter. Moreover, the *Rooker-Felder* doctrine precludes the exercise of federal jurisdiction over state court orders regarding child support. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Plaintiff also asks the court to keep "his poverty confidential to avoid further embarrassment." (Mot. at p. 2.) To the extent that this is a request to seal these proceedings, the court denies the request. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right to inspect and copy public records may sometimes yield to a greater interest which requires limiting access to judicial records. For example, access to court may be restricted "where court files might have become a vehicle for improper purposes." *Id.* at 598. Court documents may be sealed only upon "good cause shown" that the "particular documents justify court-imposed secrecy." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). In this case, Plaintiff fails to satisfy this standard. Accordingly,

IT IS ORDERED that Plaintiff's "*Ex Parte* Motion for Indigent Relief and Support By Court" [Dkt. # 15] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

2

Dated: August 29, 2008

I hereby certify that a copy of the foregoing document was mailed to J. Henderson and counsel of record on this date, August 29, 2008, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522